THE ROTOLO LAW FIRM
A Professional Corporation
502 Route 22 West
Lebanon, New Jersey 08833
(908) 534-7900
Attorneys for Plaintiff: **J.G.**
File 4006.23/VAR:ecc

| | |
|---|---|
| Plaintiff(s), | ) UNITED STATES DISTRICT COURT |
| | ) DISTRICT OF NEW JERSEY |
| J.G. | ) |
| | ) DOCKET NO.: _____ |
| | ) |
| vs. | ) COMPLAINT AND JURY DEMAND |
| | ) |
| Defendant(s), | ) |
| | ) |
| C.M. | ) |
| | ) |

Plaintiff, J.G., a resident of the Commonwealth of Virginia, residing at 13005 Dunhill Drive, County of Fairfax, Virginia, by way of Complaint against Defendant, C.M., a resident of the State of New Jersey, states as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because: (a) Plaintiff is a citizen of Virginia; (b) Defendant is a citizen of New Jersey; and (c) the matter in controversy exceeds $75,000.00.

## PARTIES

2. Plaintiff J.G. is a twenty three (23) year old single male, and a resident of the Commonwealth of Virginia.

3. Upon information and belief, Defendant C.M. is approximately thirty two (32) years old, and a resident of the State of New Jersey.

4. Upon information and belief, the acts complained of took place in the Montgomery County, MD, between 1995 and 1999.

## FACTUAL ALLEGATIONS

5. This Complaint arises out of repeated instances of various forms of sexual contact, molestation and abuse that was inflicted upon Plaintiff by Defendant between the years 1995 and 1999, when Plaintiff was a minor child between the ages of seven (7) and eleven (11). Defendant was Plaintiff's cousin, was approximately nine (9) years older than Plaintiff, "baby sat" Plaintiff on a regular basis, and represented a male authority figure and role model for Plaintiff, since Plaintiff's natural father was not present in the household.

6. Plaintiff began to suffer severe academic, emotional and social development problems during his adolescent years, directly coinciding with the end of the sexual abuse perpetrated by Defendant.

7. After Defendant's termination of the abuse, Plaintiff was afraid to be alone with adult men, and felt useless and like "a nothing". He attempted suicide at age thirteen (13).

8. By his high school years, Plaintiff's psychological and emotional problems had manifested themselves into overt, daily physical symptoms of, *inter alia*, "throwing up", diarrhea and/or uncontrollable bouts of crying.

9. Plaintiff considered suicide again at age fifteen (15), however, was persuaded not to attempt it by a close friend.

10. In addition, Plaintiff was extremely disturbed by his first sexual experience with a woman at age seventeen (17), and felt confused and ashamed by it.

11. In or around June of 2009, while attending college, Plaintiff was employed for the summer in a public defender's office. During the course of his work for the public defender, he worked on a case defending a man who sexually abused children.

12. On or about June 19, 2009, after attending a court hearing regarding the aforementioned case, he became intoxicated and revealed his frustration to his mother, telling her that he "hated the law" and that he felt physically ill while working on the case, because he felt sorry for the client's victims.

13. Plaintiff slowly began to realize that he had been abused, and that his psychological and emotional problems/injuries were a result of Defendant's abuse. However, he quickly dismissed such feelings and blocked them out of his mind.

14. Plaintiff finally reasonably connected Defendant's abuse to his psychological and emotional injuries in or around December 1, 2009, when one of his closest friends revealed that he too had been sexually molested by a family member.

15. His friend's revelation helped Plaintiff to finally realize and accept that he had been sexually abused, and that the psychological and emotional problems he had suffered and continued to suffer were a result of Defendant C.M.'s abuse.

16. Therefore, it was not until at least December 1, 2009 that Plaintiff reasonably discovered the causal relationship between his psychological and emotional injuries and Defendant'S acts of sexual abuse.

17. In an effort to further understand the source of, and ultimately resolve, his psychological and/or emotional problems, Plaintiff thereafter sought out psychological counseling and/or therapy through his college's mental health system. He sought out additional psychotherapy as well.

18. To date, Plaintiff is still trying to come to terms with, and fully understand, the connection between his various

psychological problems and the sexual trauma he suffered as a young child.

19. Accordingly, Plaintiff has been significantly and permanently injured by the sexual molestation and abuse inflicted upon him by Defendant since he had suffered, and will continue to suffer, severe psychological and emotional injuries.

20. As set forth in greater detail below, Defendant's past actions constitute sexual abuse in violation of N.J.S.A. 2A:61B-1, which, effective 1992, established a civil action for sexual abuse of children.

## FIRST COUNT

**(Sexual Abuse in Violation of N.J.S.A. 2A:61B-1)**

21. Plaintiff repeats and realleges the allegations contained in paragraphs one through twenty, as if set forth at length herein.

22. The aforementioned actions of Defendant, which involved acts of "sexual contact" with a child under the age of 18, as defined by N.J.S.A. 2A:61B-1(a)(2), clearly constitute sexual abuse in violation of N.J.S.A. 2A:61B-1.

23. Moreover, these actions were the direct and proximate cause of Plaintiff's severe psychological and emotional problems, which plainly meet the "injury or illness" standard provided in N.J.S.A. 2A:61B-1(a)(5).

**WHEREFORE**, Plaintiff J.G., demands judgment against Defendant C.M. for the following relief:

A. compensatory damages sufficient to redress Plaintiff's present and future injuries;

B. punitive damages, pursuant to N.J.S.A. 2A:61B-1(h);

C. costs of suit, including reasonable attorney's fees; and

D. such other and further relief as the Court deems just and proper.

### DESIGNATION OF TRIAL COUNSEL

Victor A. Rotolo, Esq. is hereby designated as trial counsel in this matter.

### DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiff hereby demands a Trial by Jury on all issues so triable in the within matter.

THE ROTOLO LAW FIRM
Attorney for Plaintiff

By: /s/ Victor A. Rotolo
Victor A. Rotolo, Esq.

DATED: May 19, 2011