**THE ROTOLO LAW FIRM**
A Professional Corporation
502 Route 22 West
Lebanon, New Jersey  08833
(908) 534-7900
Attorneys for Plaintiff: **J.G.**
File 4006.23

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Plaintiff(s),<br><br>J.G.<br><br>    vs.<br><br>Defendant(s),<br><br>C.M. | Civil Action No. 11-cv-2887 |

### FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, J.G., a resident of the State of California, by way of Complaint against Defendant, C.M., a resident of the State of New Jersey, states as follows:

### JURISDICTION

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because: (a) Plaintiff is a citizen of California; (b) Defendant is a citizen of New Jersey; and (c) the matter in controversy exceeds

$75,000.00. The court has personal jurisdiction over the Defendant because he is physically present within the District of New Jersey and was served service of process within the District of New Jersey.

## PARTIES

2. Plaintiff, J.G., is a twenty three (23) year old single male, and a resident of the State of California.

3. Upon information and belief, Defendant, C.M., is approximately thirty two (32) years old, and a resident of the State of New Jersey.

4. Upon information and belief, the acts complained of took place in Montgomery County, MD, between 1995 and 1999.

## FACTUAL ALLEGATIONS

5. This Complaint arises out of repeated instances of various forms of sexual contact, molestation, and abuse that was inflicted upon Plaintiff by Defendant between the years 1995 and 1999, when Plaintiff was a minor child between the ages of seven (7) and eleven (11). Defendant is Plaintiff's cousin -- a family member of Plaintiff J.G. -- and was approximately nine (9) years older than Plaintiff. Defendant "baby sat" Plaintiff on a regular basis, and thus had at least temporary responsibility for the supervision of Plaintiff, and represented a male authority figure and role model for Plaintiff, since Plaintiff's natural father was not present in the household.

6. Plaintiff began to suffer severe academic, emotional, and social development problems during his adolescent years, directly coinciding with the end of the sexual abuse perpetrated by Defendant.

7. After Defendant's termination of the abuse, Plaintiff was afraid to be alone with adult men, and felt useless and like "a nothing". He attempted suicide at age thirteen (13).

8. By his high school years, Plaintiff's psychological and emotional problems had manifested themselves into overt, daily physical symptoms of, *inter alia*, "throwing up", diarrhea and/or uncontrollable bouts of crying.

9. Plaintiff considered suicide again at age fifteen (15), however, was persuaded not to attempt it by a close friend.

10. In addition, Plaintiff was extremely disturbed by his first sexual experience with a woman at age seventeen (17), and felt confused and ashamed by it.

11. In or around June of 2009, while attending college, Plaintiff was employed for the summer in a public defender's office. During the course of his work for the public defender, he worked on a case defending a man who sexually abused children.

12. On or about June 19, 2009, after attending a court hearing regarding the aforementioned case, Plaintiff became

intoxicated and revealed his frustration to his mother, telling her that he "hated the law" and that he felt physically ill while working on the case, because he felt sorry for the client's victims.

13. Plaintiff slowly began to suspect that he had been abused, and that his psychological and emotional problems/injuries were a result of Defendant's abuse. However, he quickly dismissed such feelings and blocked them out of his mind.

14. Plaintiff finally reasonably connected Defendant's abuse to his psychological and emotional injuries in or around December 1, 2009, when one of his closest friends revealed that he had been sexually molested by a family member.

15. His friend's revelation helped Plaintiff to finally realize and accept that he had been sexually abused, and that the psychological and emotional problems he had suffered and continued to suffer were a result of Defendant's abuse.

16. Therefore, it was not until at least December 1, 2009 that Plaintiff reasonably discovered the causal relationship between his psychological and emotional injuries and Defendant's acts of sexual abuse.

17. In an effort to further understand the source of, and ultimately resolve, his psychological and/or emotional problems, Plaintiff thereafter sought psychological counseling and/or

4

therapy through his college's mental health system. He sought out additional psychotherapy as well.

18. To date, Plaintiff is still trying to come to terms with, and fully understand, the connection between his various psychological problems and the sexual trauma he suffered as a young child at the hands of Defendant.

19. Accordingly, Plaintiff has been significantly and permanently injured by the sexual molestation and abuse inflicted upon him by Defendant because he had suffered, and will continue to suffer, severe psychological and emotional injuries.

20. As set forth in greater detail below, Defendant's past actions constitute sexual abuse in violation of N.J.S.A. 2A:61B-1, which, effective 1992, established a civil action for sexual abuse of children.

21. Also, as set forth below, Defendant's past actions, which occurred in the State of Maryland, are actionable under the laws of the State of Maryland and are timely brought under Maryland Courts and Judicial Proceedings Code §5-117 because the claims asserted below pursuant to Maryland law were asserted within seven years of the date that Plaintiff attained the age of majority, and said acts comprised "sexual abuse" within the meaning of Maryland Courts and Judicial Proceedings Code §5-117 and Maryland Family Law Code §5-701.

## FIRST COUNT

### (Sexual Abuse in Violation of N.J.S.A. 2A:61B-1)

22. Plaintiff repeats and realleges the allegations contained in paragraphs one through twenty-one, as if set forth at length herein.

23. The aforementioned actions of Defendant, which involved acts of "sexual contact" with a child under the age of 18, as defined by N.J.S.A. 2A:61B-1(a)(2), clearly constitute sexual abuse in violation of N.J.S.A. 2A:61B-1.

24. Moreover, these actions were the direct and proximate cause of Plaintiff's severe psychological and emotional problems, which plainly meet the "injury or illness" standard provided in N.J.S.A. 2A:61B-1(a)(5).

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following relief:

    A.    compensatory damages sufficient to redress Plaintiff's present and future injuries;

    B.    punitive damages, pursuant to N.J.S.A. 2A:61B-1(h);

    C.    costs of suit, including reasonable attorney's fees; and

    D.    such other and further relief as the Court deems just and proper.

## SECOND COUNT

### (Tortious Assault under Maryland Law)

25. Plaintiff repeats and realleges the allegations contained in paragraphs one through twenty-four, as if set forth at length herein.

26. On multiple occasions, Defendant engaged in unlawful attempts to cause harmful and/or offensive contacts with the person of Plaintiff or to cause apprehensions of such contacts.

27. As a result of said wrongful acts, Plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following relief:

A. compensatory damages sufficient to redress Plaintiff's present and future injuries;

B. punitive damages;

C. costs of suit, including reasonable attorney's fees; and

D. such other and further relief as the Court deems just and proper.

## THIRD COUNT

### (Tortious Battery under Maryland Law)

28. Plaintiff repeats and realleges the allegations contained in paragraphs one through twenty-seven, as if set forth at length herein.

29. On multiple occasions, and without Plaintiff's consent, Defendant made harmful and/or offensive contacts with Plaintiff resulting from acts intended to cause Plaintiff to endure such contacts.

30. The acts in question were caused by some positive or affirmative action on the part of the Defendant.

31. As a result of said wrongful acts, Plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following relief:

A. compensatory damages sufficient to redress Plaintiff's present and future injuries;

B. punitive damages;

C. costs of suit, including reasonable attorney's fees; and

D. such other and further relief as the Court deems just and proper.

### FOURTH COUNT

**(Intentional Infliction of Emotional Distress under Maryland Law)**

32. Plaintiff repeats and realleges the allegations contained in paragraphs one through thirty-one, as if set forth at length herein.

33. On multiple occasions, Defendant engaged in intentional and/or reckless conduct.

8

34. Defendant's conduct was extreme and outrageous, that is, so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35. Defendant's wrongful conduct caused Plaintiff to suffer severe emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following relief:

A.  compensatory damages sufficient to redress Plaintiff's present and future injuries;

B.  punitive damages;

C.  costs of suit, including reasonable attorney's fees; and

D.  such other and further relief as the Court deems just and proper.

### FIFTH COUNT

### (Negligence under Maryland Law)

36. Plaintiff repeats and realleges the allegations contained in paragraphs one through thirty-five, as if set forth at length herein.

37. As a family member of Plaintiff and as a person having at least temporary care of Plaintiff, Defendant had a duty to exercise reasonable care with respect to Plaintiff.

38. On multiple occasions, Defendant breached said duty of care.

39. Defendant's breaches of the duty of care caused Plaintiff to suffer physical injury, including but not limited to depression, insomnia, nightmares, extreme nervousness, and withdrawal from socialization, and to also suffer severe emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following relief:

A. compensatory damages sufficient to redress Plaintiff's present and future injuries;

B. punitive damages;

C. costs of suit, including reasonable attorney's fees; and

D. such other and further relief as the Court deems just and proper.

### SIXTH COUNT

### (Assault under New Jersey Law)

40. Plaintiff repeats and realleges the allegations contained in paragraphs one through thirty-nine, as if set forth at length herein.

41. On multiple occasions, Defendant intentionally placed Plaintiff in a reasonable imminent apprehension of harmful and/or offensive physical contact.

42. As a proximate cause of said conduct, Plaintiff suffered severe personal and emotional injuries.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following relief:

    A.   compensatory damages sufficient to redress Plaintiff's present and future injuries;

    B.   punitive damages;

    C.   costs of suit, including reasonable attorney's fees; and

    D.   such other and further relief as the Court deems just and proper.

### SEVENTH COUNT

**(Battery under New Jersey Law)**

43. Plaintiff repeats and realleges the allegations contained in paragraphs one through forty-two, as if set forth at length herein.

44. On multiple occasions, Defendant intentionally touched Plaintiff in a harmful and/or offensive manner without Plaintiff's consent.

45. Said touching was done with malice, with a wanton disregard of Plaintiff's personal rights and sensitivities, and/or with foreseeability of unintended harmful consequences.

46. As a proximate cause of said conduct, Plaintiff suffered severe personal and emotional injuries.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following relief:

A.  compensatory damages sufficient to redress Plaintiff's present and future injuries;

B.  punitive damages;

C.  costs of suit, including reasonable attorney's fees; and

D.  such other and further relief as the Court deems just and proper.

## EIGHTH COUNT

### (Intentional Infliction of Emotional Distress under New Jersey Law)

47. Plaintiff repeats and realleges the allegations contained in paragraphs one through forty-six, as if set forth at length herein.

48. Defendant engaged in extreme and/or outrageous conduct directed to the Plaintiff in a fashion intended to produce emotional distress or recklessly in deliberate disregard of a high degree of probability that emotional distress would follow.

49. Said misconduct proximately caused the Plaintiff to suffer emotional distress, injuries, and damages so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following relief:

A.  compensatory damages sufficient to redress Plaintiff's present and future injuries;

B.  punitive damages;

C. costs of suit, including reasonable attorney's fees; and

D. such other and further relief as the Court deems just and proper.

### NINTH COUNT

**(Negligent Infliction of Emotional Distress under New Jersey Law)**

50. Plaintiff repeats and realleges the allegations contained in paragraphs one through forty-nine, as if set forth at length herein.

51. Defendant negligently, and/or grossly negligently, engaged in extreme and/or outrageous conduct directed to the Plaintiff in a fashion intended to produce emotional distress or in negligent disregard of a high degree of probability that emotional distress would follow.

52. Said misconduct proximately caused the Plaintiff to suffer emotional distress, injuries, and damages so severe that no reasonable person could be expected to endure it.

53. There was immediate physical impact and injury, and/or the emotional distress resulted in substantial bodily injury and/or sickness, and/or special circumstances guarantee the likelihood of a genuine and serious claim for emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following relief:

A. compensatory damages sufficient to redress Plaintiff's present and future injuries;

B. punitive damages;

C. costs of suit, including reasonable attorney's fees; and

D. such other and further relief as the Court deems just and proper.

### DESIGNATION OF TRIAL COUNSEL

Victor A. Rotolo, Esq. is hereby designated as trial counsel in this matter.

### DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiff hereby demands a Trial by Jury on all issues so triable in the within matter.

### CERTIFICATION PURSUANT TO L. Civ. R. 11.2

Following my initial review of this matter, it appears there are no other actions or arbitrations related to this suit pending or presently contemplated. Additionally, based upon my initial review of this matter, it appears there are no other persons who should be joined as parties.

**THE ROTOLO LAW FIRM**
Attorney for Plaintiff

By: s/ Victor A. Rotolo
Victor A. Rotolo, Esq.

DATED: July 14, 2011