UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **J.G.,** <br><br> Plaintiff, <br><br> v. <br><br> **C.M.,** <br><br> Defendant. <br><br> **C.M.,** <br><br> Third-Party Plaintiff, <br><br> v. <br><br> **V.G., N.G., and Jane Doe,** <br><br> Third-Party Defendants. | Civ. No. 11-2887 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff brings this appeal of a magistrate judge's order denying Plaintiff's petition to re-open discovery. For the reasons set forth below, the magistrate's order is **AFFIRMED.**

I.  BACKGROUND

This case emerges from allegations that C.M. sexually abused his younger cousin, J.G. when J.G. was a minor. C.M. filed a Counterclaim and a Third-Party

1

Complaint against J.G.'s mother and sister. J.G. filed his original Complaint in May 2011. (ECF No. 1) C.M. filed his Counterclaim and Third-Party Complaint in December 2011. (ECF No. 19) Discovery concluded, and in October 2013, the parties filed opposing motions for summary judgment, which are both pending. (ECF Nos. 99, 101)

On February 20, 2014, Plaintiff sent a letter to the court seeking to "amend discovery" to include new information involving what he describes as "evolving" recollections from ongoing psychotherapy. (ECF No. 126) The magistrate denied the request, stating:

> This case has been pending for nearly three years. The events forming the basis of the Complaint allegedly occurred more than fifteen years ago. Following a lengthy discovery period, dispositive motions are pending. The proposed discovery amendments consist of additional alleged recollections that Plaintiff claims to have recently recalled. Assuming Plaintiff's continuing therapy as stated in the February 20th letter, it is conceivable that he could have additional recollections indefinitely.
>
> This creates an unfair and unworkable dynamic, which is inconsistent with a fair litigation process. If Plaintiff's position was accepted, discovery would have the potential to continue forever. Following any new alleged recollection, there would be the need for additional fact discovery, expert reports, and depositions. This is untenable. Litigating parties are entitled to some certainty as to the facts at issue and the knowledge that there will be a conclusion.

(ECF No. 130)

In the Reply Brief, Plaintiff states that the additional evidence would not be used for the purposes of deciding the motion for summary judgment but only for use at trial. (Reply Brief at 1-2)

## II.  STANDARD OF REVIEW

For the purpose of this appeal, the court will review the findings of the magistrate for clear error. *United States v. Seale*, 20 F.3d 1279, 1284 (3d Cir. 1994).

A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is considered contrary to the law if the Magistrate has "misinterpreted or misapplied the applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

## III. DISCUSSION

Federal Rule of Civil Procedure 16(b)(4) permits the modification of a scheduling order to reopen discovery for "good cause." The "good cause" standard is not a low threshold. Disregard for a scheduling order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards "the indolent and cavalier." *Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992).

"Discovery must have an end point, and the decision to cut off discovery is committed to the management skills of the district court." *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011). Discovery should not be reopened without a clear showing of actual and substantial prejudice. *Ibid.* Where a party has had an "adequate opportunity to investigate" prejudice requires something significantly more substantial than the discovery of some evidence that might be helpful. *See ibid.*

Plaintiff cites *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 701 (D.N.J. 2013) for the proposition that the magistrate failed to consider a total of eleven somewhat redundant factors when deciding how to rule on a motion to re-open discovery before trial. These factors can be distilled to (1) the good faith and diligence of the moving party, (2) the importance of the evidence, (3) the logistical burdens and benefits of re-opening discovery, (4) prejudice to the non-moving party. *See ibid.*

Even considering all these factors, the magistrate's decision is not clearly erroneous. Plaintiff had a lengthy discovery period in which to produce evidence. Plaintiff has not described with any particularity the evidence he seeks to produce in this proposed new round of discovery or why it is crucial to his case. Further discovery regarding the new recollections will burden both sides and the court with additional rounds of depositions. In this case, the magistrate was not incorrect in taking into large consideration the unworkability of re-opening discovery every time Plaintiff articulates new memories. It was reasonable for the magistrate to conclude

that this would create an unworkable dynamic that is inconsistent with a fair litigation process.

## IV.   CONCLUSION

For the reasons stated above, the magistrate's decision is AFFIRMED. An appropriate order follows.


/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 23, 2014**

4