| | | |
|---|---|---|
| J.G. | : | CIVIL ACTION |
| Plaintiff, | : | 11-2887 (WJM/MF) |
| v. | : | |
| C.M. | : | |
| Defendant. | : | |
| C.M. | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| V.G., N.G. and Mary Jo Lynch | : | |
| Third-Party Defendants. | : | |

## COUNTERCLAIM DEFENDANT, J.G., AND THIRD-PARTY DEFENDANTS, V.G. AND N.G.'S MOTION TO CORRECT THE FEBRUARY 24, 2015 RECORD

Counterclaim Defendant, J.G. and Third-Party Defendants, V.G. and N.G. (collectively "Moving Parties") by and through their counsel, White and Williams LLP, hereby move for an Order correcting the February 24, 2015 hearing transcript to accurately reflect the terms of the parties' settlement agreement.

### INTRODUCTION

The parties settled this litigation on October 23, 2014. The oral settlement agreement reached that day included mutual promises by the parties to: 1) dismiss the claims against each other without admission of liability, 2) refrain from future contact with each other, 3) prepare a confidentiality provision, and 4) not disparage each other. The parties did not agree that the aforementioned confidentiality provision would be a gag order precluding any future discussion regarding this litigation or matters that are part of the public record.

15076538v.1

Nonetheless, a broad form confidentiality provision was placed on the record during the February 24, 2015 hearing. The February 24, 2015 hearing transcript does not, however, reference V.G.'s October 23, 2014 conversation with the Court wherein she was advised that neither a no disparagement clause nor confidentiality provision would preclude her from lecturing on issues relating to the litigation as long as she omits party names. Therefore, the Moving Parties seek correction of the February 24, 2015 hearing transcript to include the terms of the October 23, 2015 settlement.

## FACTUAL BACKGROUND

This case was commenced when Plaintiff J.G. filed his Complaint against Defendant C.M. C.M. then asserted a counterclaim against J.G. and joined V.G. and N.G. as third-party defendants. The parties collectively reached an agreement to settle this case on October 23, 2014. See Hearing Transcript (2/24/15), attached to Declaration of Counsel, Exhibit "A", p. 3. At that time, the parties placed the basic terms of the settlement on the record, pending the drafting and execution of a formal written settlement agreement. Id. Unfortunately, the transcript of that recitation of the terms is not available due to a technical or mechanical error. Id. Subsequently, in the process of drafting a written settlement agreement, the parties disagreed as to the terms that had been agreed upon with respect to a confidentiality provision. Id.

The parties filed memoranda outlining their positions on this disagreement and the Court held a miscellaneous hearing on February 24, 2015. Id. During the hearing, the Court, relying on its own recollection and notes, attempted to reconstruct the October 23, 2014 settlement terms. Id. at p. 4. The Court would not, however, permit the parties to ask questions or set forth their recollection of the settlement terms. Id. at p. 6. Though the Moving Parties agreed with the essential settlement terms set forth on February 24, 2015, including a limited form of

confidentiality provision, they did not agree, at any time, to "keep the matter confidential" or "not [] make any reference or allude to this lawsuit in any discussions moving forward." Id. at p.5. This confidentiality provision, which is tantamount to a gag order, is inconsistent with the settlement terms as agreed upon and articulated at the original October 23, 2014 settlement hearing.

On October 23, 2014, J.G., N.G., and V.G. met with The Honorable Judge William Martini in the jury room to discuss potential settlement terms. See Affidavit of J.G. ¶ 2; Affidavit of N.G. ¶ 2; Affidavit of V.G. ¶ 2 and Declaration of Counsel ¶ 4. While discussing inclusion of a no disparagement clause and confidentiality provision, V.G. informed Judge Martini that she gives presentations in which she mentions this litigation, but does not reference party names or content that is beyond the public record. See Affidavit of J.G. ¶ 3-4; Affidavit of N.G. ¶ 3-4; Affidavit of V.G. ¶ 3-4 and Declaration of Counsel ¶ 6. She indicated her intent to continue presenting, but did not want a settlement agreement to impede her right. See Affidavit of J.G. ¶ 5; Affidavit of N.G. ¶ 5; Affidavit of V.G. ¶ 5 and Declaration of Counsel ¶ 7. In response, Judge Martini assured her that neither a no disparagement nor confidentiality provision would preclude her right to continue presenting as long as she removed any reference to party names. See Affidavit of J.G. ¶ 6; Affidavit of N.G. ¶ 6; Affidavit of V.G. ¶ 6 and Declaration of Counsel ¶ 8. When reciting the terms of the settlement agreement on the record, the parties did not agree to a confidentiality provision precluding the parties from referencing in the future: 1) the litigation in its entirety, or 2) matters already part of the public record. See Affidavit of J.G. ¶ 7-8; Affidavit of N.G. ¶ 7-8; Affidavit of V.G. ¶ 7-8 and Declaration of Counsel ¶ 10. The Moving Parties' understanding of the confidentiality provision was represented in their comments to the proposed settlement agreement. See settlement agreement with V.G., N.G. and

J.G.'s edits, attached to Declaration of Counsel, Exhibit "B." Accordingly, the Moving Parties seek to correct the February 24, 2015 record to accurately reflect the terms of the agreement.

## ARGUMENT

The Federal Rules of Civil Procedure allow a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Additionally, the court may relieve a party from an order due to "mistake, inadvertence, surprise, or excusable neglect" on just terms. Fed. R. Civ. P. 60(b). Further, a party may prove an official record by any method authorized by law. Fed. R. Civ. P. 44(c). Where no copy of the content of an official record is available, a party may prove the content through the use of other evidence. Fed. R. Evid. 1005.

Here, the parties reached a settlement agreement on October 23, 2014. While J.G., V.G. and N.G. have no interest in voiding or altering the settlement agreement, they should not be forced to comply with a confidentiality provision that lacks consideration.[1] Prior to placing the basic settlement terms on the record, the moving parties agreed that V.G. would be permitted to continue referring to this case, without party names, in her speeches and presentations. There was no agreement to a gag order.

Unfortunately, the transcript of the October 23, 2014 settlement is not available and the Court did not reference its communication with the Moving Parties relating to the breadth of the confidentiality provision during the February 24, 2015 record reconstruction. When an official record of a proceeding is not available, a party may prove the content of that record by any means authorized by law. In these circumstance, Rule of Civil Procedure 44 and Rule of

---

[1] CM received consideration for dismissing his counterclaim and third-party claims as: 1) J.G. agreed to dismiss all of his claims against C.M. without admission of liability, 2) the parties agreed to not disparage each other, 3) the parties agreed to cease contact with each other, and 4) the parties agreed to a limited form of confidentiality.

Evidence 1005 permit proof of the court proceedings via affidavit and similar evidence. The affidavits of V.G., N.G., and J.G. all demonstrate that the settlement agreement did *not* include a provision requiring complete confidentiality. Therefore, the Moving Parties respectfully request a correction of the February 24, 2015 record to remove any reference or requirement by the parties to "keep the matter confidential" or "not [] make any reference or allude to this lawsuit in any discussions moving forward" and replace these terms with a provision that requires: "1) the parties are to keep the terms of this settlement agreement confidential, 2) the parties are permitted to discuss the case publicly but without identifying party names, and 3) the parties are permitted to discuss matters contained in the public docket." These provisions accurately reflect the terms of confidentiality provision.

## CONCLUSION

For all of the foregoing reasons, Counterclaim Defendant, J.G. and Third-Party Defendants, N.G. and V.G. respectfully request that the court enter the attached order correcting the reconstructed record to include the agreed upon confidentiality provision.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**
Attorneys for Counterclaim Defendant, J.G.
and Third-Party Defendants, V.G. and N.G.

By: *[signature]*
Jared K. Levy, Esquire
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
Phone: 856.317.3600

Dated: March 10, 2015