

**DiFrancesco Bateman**
Coley, Yospin, Kunzman, Davis, Lehrer & Flaum, P.C.

**15 Mountain Boulevard**
**Warren, New Jersey 07059**

Telephone: (908) 757-7800
Fax: (908) 757-8039
www.newjerseylaw.net

**Paul R. Rizzo**
**Partner**

Extension 154
prizzo@newjerseylaw.net

March 11, 2015

***Via Electronic Transmission***
United States District Court, District of New Jersey
Attn:  Clerk
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Broad Street
Newark, NJ 07101-0419

         Re:    **J.G. v. C.M.**
                **Civ. No. 11-2887 (WJM)**

Dear Sir/Madam:

      I represent J.G. as plaintiff in the above-captioned matter.  A motion to correct the February 24, 2015 record has been filed by my client as a counterclaim defendant, as well as by third-party defendants V.G. and N.G.

      On behalf of J.G. as plaintiff, please be advised that he joins in said motion.  With this correspondence, I am filing my Affidavit in further support of said motion.

                                    Respectfully,

                                    Paul R. Rizzo

PRR/jg
Enclosure
cc:    Jared Levy, Esq.
        Andrew R. Macklin, Esq.
        Client

A0837912.DOC/JG

**DiFrancesco, Bateman, Coley, Yospin,
 Kunzman, Davis, Lehrer & Flaum, P.C.**
15 Mountain Boulevard
Warren, NJ 07059
(908) 757-7800
*Attorney ID# 020011980*
Attorneys for Plaintiff

| | |
|---|---|
| J.G., | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 11-2887 (WMJ/MG) |
| C.M., | |
| Defendant. | **AFFIDAVIT OF PAUL R. RIZZO, ESQ.** |
| C.M., | |
| Third Party Plaintiff, | |
| v. | |
| V.G. and N.G., | |
| Third Party Defendants. | |

I, Paul R. Rizzo, Esq., being duly sworn according to law, upon his oath, hereby states:

1.    I am an attorney at law of the State of New Jersey and represent J.G. as a Plaintiff in this captioned matter. In such capacity, I participated in a settlement conference on October 23, 2014 before the Honorable William Martini.

2.    During the course of the settlement discussions, the parties and their respective counsel were separated. My client, J.G., with V.G. and N.G. meeting in the Jury Room with myself and Jared Levy, Esq., counsel for Third Party Defendants V.G. and N.G., and for J.G. as Counterclaim Defendant. Judge Martini participated from time to time with

the parties to discuss potential settlement terms.

3. At a point, it was discussed that J.G. and C.M. were willing to release their respective claims without payment to each other. Included in any settlement was a proposed agreement that there would be no disparagement of the parties and the settlement would be kept confidential.

4. During the course of the discussions, V.G. expressed concerns that she provides lectures and presentations in which she discusses the types of assaults that J.G. had alleged occurred in this matter, and she was not agreeable to any settlement provisions that would prevent her from continuing to provide such lectures and presentations. She discussed the fact that she discusses the litigation without reference to party names, or information outside of the public record.

5. Judge Martini discussed with her the meaning of an agreement not to disparage and the meaning of confidentiality provisions, and advised that he believed she could continue such presentations and lectures as long as she did not reference by name the parties or provide information that would enable identification. Based upon the discussions, J.G., V.G. and N.G. agreed to the proposed settlement.

6. The settlement terms were placed on the record. There was no discussion as to the definition of non-disparagement or confidentiality on the record, simply an expression that the parties agreed they would not disparage one another, and that they would keep the settlement confidential.

7. After a dispute arose concerning placing the agreement in writing, it was discovered that the record could not be reproduced due to a mechanical issue.

8. It was my understanding from the discussions on that date that the parties had agreed that there would be no admission of liability, that they would not disparage one another, that J.G., V.G. and N.G. would not contact C.M., and vice versa, and that they

would keep the terms of the settlement agreement confidential. It was my understanding that V.G. and N.G. agreed to these terms with the understanding that they could discuss in general the allegations and legal proceedings, as long as they did not provide information pursuant to which any party could be identified or the litigation could be identified.

Paul R. Rizzo

Sworn to and subscribed before me this 9th day of March, 2015

IDA C. CORRADINO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires August 29, 2016