NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **J.G.,** | No. 11-2887 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **C.M.,** | |
| **Defendant.** | |
| **C.M.,** | |
| **Third-Party Plaintiff,** | |
| v. | |
| **V.G., N.G., and Jane Doe,** | |
| **Third-Party Defendants.** | |

Presently before the Court are two Motions filed by Counterclaim Defendant J.G. and Third-Party Defendants V.G. and N.G. The first is a Motion to Vacate a Discovery Confidentiality Order. The second is a Motion to Correct the Record. For the reasons set forth below, both Motions are denied.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2014, following a settlement conference, the parties agreed in open court to settle this matter by dismissing all causes of action against each other. An order dismissing the case followed on October 24, 2014. (ECF No. 179). The parties ran into an impasse in reducing into writing the Settlement Agreement they placed orally onto the record. (*See* ECF Nos. 180-183). The impasse concerned the limitations that the Settlement Agreement placed on V.G.'s right to speak about the litigation in the course of lectures and presentations she makes. J.G.'s attorney, the scrivener of the Settlement Agreement, hoped to resolve the dispute by reviewing the transcript of the settlement proceedings that were placed on the record. (ECF No. 180). Unfortunately, the transcript of those proceedings was either lost or never recorded in court due to a mechanical error. On February 5, 2015, the Court called a Miscellaneous Hearing to reconstruct the record, which was held on February 24, 2015. (ECF No. 185).

Several days before the Miscellaneous Hearing, V.G., N.G., and J.G. filed a Motion to Vacate a Discovery Confidentiality Order. (ECF No. 194). Judge Falk entered that Discovery Confidentiality Order on October 10, 2012. (ECF No. 52).

The Moving Parties were apparently unhappy with the Miscellaneous Hearing, and they filed a Motion to Correct the February 24, 2015 Record. (ECF No. 189). Specifically, the Moving Parties requested that the Court strike from the Record the requirements that the parties "keep the matter confidential" and "not [] make any reference or allude to this lawsuit in any discussions moving forward." The Moving Parties also request that the Court add the following statements to the Record: "1) the parties are to keep the terms of this agreement confidential, 2) the parties are permitted to discuss the case publically but without identifying names, and 3) the parties are permitted to discuss matters contained in the public docket."

## II. MOTION TO VACATE CONFIDENTIALITY ORDER

The Moving Parties argue that in the face of a motion to vacate a confidentiality order, the opposing party must demonstrate "good cause" for keeping the protected subject matter confidential. *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005); *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Although C.M. disputes the propriety of this standard, the Court will accept it for the sake of argument as accurate and hold that C.M. has demonstrated good cause for not vacating the Discovery Confidentiality Order.

Under the "good cause" standard that the Moving Parties propose, the main question to address is whether the party opposing disclosure has shown a "clearly defined, specific and serious injury" that will result from disclosure. *Shingara v. Skiles*, 420 F.3d at 306. Factors for the Court to consider include:

1) whether disclosure will violate any privacy interests;

2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information will cause a party embarrassment;

4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefitting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d at 483 (*citing Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994)).

All these factors sway in C.M.'s favor. Disclosure would hurt the privacy interests of all parties and cause potential embarrassment to all. The information is not important to public health or safety, would not promote fairness, and disclosure would not benefit anyone, including the public.

The Moving Parties also argue that their purpose in seeking the vacating of the Confidentiality Order is to punish C.M.'s alleged October 25, 2012 breach of the Confidentiality Order. On that date, the Moving Parties deposed C.M.'s mother, who apparently had reviewed some of J.G.'s protected medical documents. While this may have been a sanctionable breach of the Confidentiality Order, the time to make a motion for a remedial sanction is long past due. There were two years between this alleged breach and the conclusion of the litigation. The parties have since decided to resolve the case via a settlement, and it is not the place of the Court

to adjudicate stale disputes about terminated litigation. The Moving Parties have no proper purpose for seeking disclosure.

Most critically, Paragraphs 14 and 15 of the Confidentiality Order state:

> 14. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.
>
> 15. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to destroy all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order.

The Moving Parties filed this motion well after the conclusion of the litigation. By the terms of Paragraphs 14 and 15 of the Confidentiality Order, the parties agreed that the duties of confidentiality would survive the termination of the litigation and that most of the confidential documents would be destroyed. Breach of the agreement to destroy the protected documents at the conclusion of litigation is a "clearly defined, specific and serious injury." If any party is still in possession of any document subject to post-litigation destruction, that party is in violation of the terms of the Confidentiality Order and must immediately assemble and destroy all such documents.

### III. MOTION TO CORRECT THE RECORD

The purpose of the Miscellaneous Hearing of February 5, 2015 was solely to reconstruct the record due to the loss of the transcript. Based on the Court's notes and its best recollections, the Court concluded that the parties agreed to "keep the matter confidential," have "no public discussion of the lawsuit," and engage in "no disparagement." This is the reconstruction of the Settlement Agreement that was created at the Miscellaneous Hearing. The Moving Parties cite no legal standard for changing it.

More importantly, the facts do not warrant the Moving Parties' proposed amendments to the record. The proposed amendments are all designed to give V.G. certainty about what she can and cannot say about this litigation in the course of lectures and presentations. However, by V.G.'s own admission, she never expressed her concerns about her speaking engagements to C.M. until after she agreed to dismiss the case. Thus, it was not part of the general meeting of the minds.

## IV. CONCLUSION

For the reasons set forth above, the Moving Parties' Motions are denied. It is hereby ordered that the parties assemble and destroy all extant documents subject to post-litigation destruction under Paragraph 15 of the Discovery Confidentiality Order. An appropriate order follows.

/s/ William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

**April 15, 2015**